IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERBERT MITCHELL,
      Plaintiff,

v.                              CIVIL ACTION NO. DKC-09-1458

WARDEN JOHN S. WOLFE,
      Defendant.

## MEMORANDUM OPINION

On June 2, 2009, the court received Plaintiff Herbert Mitchell's civil rights complaint seeking injunctive relief. Paper No. 1. Mitchell, then incarcerated at Jessup Correctional Institution, alleged his mail had been tampered with. *Id*. Defendant Warden John S. Wolfe has filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 14. Plaintiff has not filed an opposition.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the dispositive motion filed by Defendant, treated as a motion for summary judgment, will be granted.

## Background

Mitchell, now incarcerated at the Roxbury Correctional Institution, alleges that while incarcerated at the Jessup Correctional Institution his personal and legal mail was "missing," withheld from him, or returned to sender. Paper No. 1. He asks that the court enter an order directing employees at the Jessup Correctional Institution to track his mail, the Warden conduct a "personal check" on his mail status, or he be transferred to a different institution. *Id*.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on October 28, 2009 and November 18, 2009, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 15. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

## Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**A.    Failure to Exhaust Administrative Remedies**

The court must first examine Defendant's assertion that Plaintiff's claim should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all

administrative steps to meet the exhaustion requirement, but need not seek judicial review); *see e.g*. *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See Chase*, 286 F.Supp. 2d at 529 no. 10; *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 210.

Plaintiff indicates in his complaint that he began the administrative process on April 27, 2009, but did not receive a response. Paper No. 1. He attaches to his complaint a copy of an administrative remedy dated November 15, 2008, filed with the Warden regarding postage stamps and mail vouchers delivered to Correctional Officer Avike which were never sent out of the institution. *Id.,* p. 13. Having not received a reply, on December 15, 2008, Plaintiff filed an administrative remedy addressing this issue to the Commissioner of Correction. *Id.,* Attachment, p. 12. The request was redirected to the Warden for review by the Division of Correction Headquarter ARP/IGP Coordinator. *Id*., p. 11. The rest of the papers attached to Plaintiff's complaint concern administrative remedy request filed by Plaintiff concerning his property. *Id*., p. 15-23.

Defendant maintains that Plaintiff filed no administrative remedies concerning mail complaints while incarcerated at JCI. Paper No.14, Exs, 1 and 2. These affidavits are flatly

4

contradicted by the record evidence produced by Plaintiff. As such, the court finds that Defendants have not shown that Plaintiff's efforts to exhaust his administrative remedies were insufficient.

**B.     Interference with mail**

Plaintiff does not specify what specific mail was interfered with beyond stating that his personal and legal incoming and outgoing mail was not properly delivered. Nor does he state whether he suffered any injury. While the deliberate interference by prison officials with certain types of mail may state a constitutional claim, occasional incidents of delay or non-delivery of mail do not rise to a constitutional level. *Pearson v. Simms*, 345 F. Supp 2d 515 , 519 (D. Md. 2003); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990). Further, absent any assertion by Plaintiff that he suffered an actual injury, his complaint simply does not state a claim upon which relief may be granted.[2] Mere negligent interference with an inmate's mail is insufficient to state a civil rights claim. *Pearson* 345 F.Supp 2d at 530; *Pink v.. Lester*, 52 F. 3d 75, 75-76 (4th Cir. 1995).

To the extent Plaintiff claims legal mail was improperly handled, such a claim is typically analyzed as an access to court claim. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim."*Lewis v. Casey*, 518 U.S.343, at 351 (1996). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's

---

[2] While it may be true that applicable prison regulations may have been violated in the handling of Plaintiff's mail, that is an issue Plaintiff must pursue through the institutional Administrative Remedy process for relief. This court is not a substitute for that process.

right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *Lewis*, 518 U.S. at 349.

Plaintiff has advised of no actual injury or specific harm which he has suffered as a result of the alleged mishandling of his mail. The only evidence Plaintiff offers of injury are conclusory statements that the conduct of Division of Correction Staff violated his constitutional rights. Without greater specificity, Plaintiff's claims fail.

**C.     Injunctive Relief**

During the pendency of this action, Plaintiff was transferred to RCI from JCI. Paper No. 14, Ex. 3. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer housed at JCI, his request for injunctive relief has been granted and/or rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed and Plaintiff's motion for temporary restraining order shall be denied.

**Conclusion**

Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment is granted. Judgment shall be entered in favor of Defendant and against Plaintiff. A separate order follows.

Date:  May 10, 2010              _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge

6